NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
Maria R. CENTENO,                           :
                                            :
      Plaintiff,               :       Civil No. 09-6023 (AET)
                                            :
          v.                  :      **OPINION & ORDER**
                                            :
COMMISSIONER OF SOCIAL                      :
SECURITY,                                   :
                                            :
      Defendant.               :
_____     :

THOMPSON, U.S.D.J.

## I.      INTRODUCTION

      This matter has come before the Court upon Plaintiff Maria Centeno's motion for attorneys' fees, pursuant to 28 U.S.C. § 2412(d) [docket # 13]. The motion is unopposed by the Defendant Commissioner of Social Security ("Commissioner"). The Court has decided the motion without oral argument, pursuant to L. Civ. R. 9.1(b). For the reasons detailed below, Plaintiff's application for attorneys' fees is hereby granted.

## II.      BACKGROUND[1]

      Plaintiff, currently forty-nine years old, worked as a paralegal at a law firm for sixteen years until June 15, 2001, when she left work for medical reasons. Specifically, she claimed inability to work due to fibromyalgia (or body pains), obesity, depression, and post-traumatic stress disorder. The Commissioner denied Plaintiff's first application for disability benefits. This district denied Plaintiff's appeal of that decision. *See Centeno v. Barnhart*, Civ. No. 04-3784

---

[1]   For a fuller recitation of the factual background of this case, the reader may refer to our December 6 Opinion & Order. (Op. & Order, Dec. 6, 2010) [12].

(D.N.J. June 30, 2005).  After Plaintiff's second application was denied, she filed the present Complaint requesting, pursuant to 42 U.S.C. § 405(g), reversal or remand of the Commissioner's decision.  (*See* Compl. 2–3) [1].  We remanded the decision back to the Commissioner on December 6, 2010.  (*See* Op. & Order, Dec. 6, 2010) [12].  Plaintiff now moves for attorneys' fees [13].

III.    ANALYSIS

**A.  Legal Standard**

Congress enacted the Equal Access to Justice Act (EAJA) in order "to eliminate for the average person the financial disincentive to challenge unreasonable government actions."  *Astrue v. Ratliff*, --- U.S. ---, 130 S. Ct. 2521, 2530 (2010).  Section 2412(d) of the EAJA states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  The government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  The government bears the burden of demonstrating that its position had a reasonable basis in law and fact and that the law and facts were reasonably connected.  *Id.* (citing *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).  However, a court may not assume the government's position was not substantially justified "simply because the government lost on the merits."  *Id.* (quoting *Morgan*, 142 F.3d at 685).

-2-

### B.  Application

It appears beyond dispute that Plaintiff's appeal of her disability claim was filed as against the United States, and that Plaintiff, having secured a remand of the Commissioner's decision, is a prevailing party.  The question is whether the government's position was substantially justified.

Here, the government has not submitted any opposition to Plaintiff's motion and has therefore failed to meet its burden of showing substantial justification.  However, even if the government had responded to Plaintiff's motion, it is unlikely that we would find the government's position substantially justified.  In our December 6 Opinion, we held that the ALJ had not adequately addressed the effect of Plaintiff's obesity in conjunction with her other impairments, nor had the ALJ sufficiently evaluated Plaintiff's subjective complaints of pain. (Op. & Order, Dec. 6, 2010, at 8, 13–14).  We found Plaintiff's case analogous to *Diaz v. Commissioner of Social Security ("Diaz I")*, in which the Third Circuit found under similar facts that the ALJ had erred as a matter of law in failing to develop the record.  577 F.3d 500, 504 (3d Cir. 2009).  Notably, the Third Circuit recently reversed the district court's denial of attorneys' fees with respect to the same plaintiff.  *Diaz v. Comm'r of Soc. Sec. ("Diaz II")*, 2010 WL 4540332, at *3 (3d Cir. Nov. 12, 2010).  Here, as in *Diaz II*, the ALJ's failure to develop the record was tantamount to a failure to substantially justify the position taken as to Plaintiff's disability application.  Because the government's position was not substantially justified, attorneys' fees are appropriate.

### C.  Amount of Award

Plaintiff's counsel requests attorneys' fees in the total amount of $6,500.75, based on $6,220.75 in attorneys' fees plus $350 in costs.  (Aff. of Att'y's Services at ¶ 3) [13-2].  However, there are two reasons why this amount does not reflect an accurate calculation.  First, even assuming the claimed hourly rate of $176.66 is correct, counsel has claimed 35.1 hours of

services, which would make the attorneys' fees $6200.76 and not $6220.75 as stated by counsel.

Second, based on counsel's own figures, the hourly rate of $176.66 is incorrect.  The

EAJA hourly attorney fee is $125.00, though a court may grant a higher fee based on increases in

cost of living or other factors.  28 U.S.C. § 2412(d)(2)(A).  The Third Circuit has held that the

Consumer Price Index may be used in determining cost of living adjustments.  *See Natural Res.*

*Def. Council, Inc. v. U.S. E.P.A.*, 703 F.2d 700, 713 (3d Cir. 1983).  Counsel asserts that the

Department of Labor has stated a 29% increase in the cost of living in New Jersey since March

29, 1996—the date when the $125 hourly rate was established.  (Aff. of Atty's' Services at ¶ 4.)

An increase of 29% on a base rate of $125 would equal $161.25 per hour, not $176.66 as

suggested by Plaintiff's counsel.

Applying these calculations, 35.1 hours of services at a rate of $161.25 equals attorneys'

fees in the amount of $5,659.87.  Plaintiff's counsel has not specifically substantiated or itemized

the $350 in costs, but we consider such costs to be reasonable.  Accordingly, we will award

Plaintiff's counsel attorneys' fees of $5,659.87 plus costs of $350, for a total amount of $6,009.87.

## IV.   CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 2nd day of March, 2011,

ORDERED that Plaintiff's motion for attorneys' fees [docket # 13] is GRANTED; and it

is further

ORDERED that Plaintiff's counsel is awarded attorneys' fees in the amount of $6,009.87.


   */s/ Anne E. Thompson*
   ANNE E. THOMPSON, U.S.D.J.

-4-